UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ERIC ROSEN, | : | **COMPLAINT** |
| *Plaintiff*, | : | |
| | : | Civil Action No.: |
| v. | : | |
| | : | *Plaintiff Demands Trial By Jury* |
| METRO-NORTH COMMUTER | : | |
| RAILROAD COMPANY, | : | |
| | : | |
| *Defendant*. | : | |

**NOW COMES** the Plaintiff, ERIC ROSEN, by and through his attorneys, THE KANTOR GULLO LAW FIRM, PLLC, for his Complaint against the Defendant, METRO-NORTH COMMUTER RAILROAD COMPANY, herein alleges:

## NATURE OF ACTION

1. The Plaintiff, ERIC ROSEN, brings this action for negligence under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq*. (hereinafter, "FELA"), against the Defendant, METRO-NORTH COMMUTER RAILROAD COMPANY (hereinafter, "METRO-NORTH"), for injuries suffered by Plaintiff, ERIC ROSEN, while in the course of his employment with the Defendant, METRO-NORTH.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to FELA and 28 U.S.C. § 1331. Venue properly lies in this Court pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391.

3. The amount in controversy exclusive of interest exceeds $75,000.

## PARTIES

4. That at all times hereinafter mentioned, the Plaintiff, ERIC ROSEN (hereinafter, "Plaintiff"), resides in New Rochelle, New York.

5. That at all times hereinafter mentioned, the Plaintiff, ERIC ROSEN, is an employee of the Defendant, METRO-NORTH, as that term is defined under FELA Section 45 USC § 51, *et seq.*

6. That at all times hereinafter mentioned, the Plaintiff, ERIC ROSEN, herein is employed by the Defendant, METRO-NORTH, as that term is defined under FELA Section 45 USC § 51, *et seq.*, as a Conductor, and as such, is engaged by the Defendant to perform duties in the furtherance of its business interests and movement of freight in interstate and foreign commerce by Defendant Railroad, METRO-NORTH.

7. That at all times hereinafter mentioned, the Defendant, METRO-NORTH, is a public benefit corporation duly established by law.

8. That at all times hereinafter mentioned, the Defendant, METRO-NORTH, has tracks, operates trains, and does business within the State of New York, and maintains a principal place of business within the State of New York, with offices located at 420 Lexington Avenue, 11th Floor, New York, County of New York and State of New York.

9. That at all times hereinafter mentioned, the Defendant, METRO-NORTH, was and still is a common carrier in interstate transportation and commerce by railroad.

## AS FOR A FIRST CAUSE OF ACTION
## PLAINTIFF HEREIN ALLEGES

10. The Plaintiff, ERIC ROSEN, repeats and realleges each and every allegation set forth above in paragraphs "1" through "9" of his Complaint as if the same were set forth at length herein.

2

11. That on or about the 26th day of April, 2024 and for some time prior thereto, the Plaintiff, ERIC ROSEN, was employed by the Defendant, METRO-NORTH, as a Conductor in the furtherance of Defendant's business in interstate commerce.

12. That on or about the 26th day of April, 2024, the Plaintiff, ERIC ROSEN, while in the course of his employment for the Defendant, METRO-NORTH, was traversing through the North White Plains Yard, by way of the designated employee walkway, when he was caused to sustain serious, permanent and acute injuries due to the negligence of the Defendant, its agents, servants, and/or employees.

13. That specifically, on or about the 26th day of April, 2024, the Plaintiff, ERIC ROSEN, was caused to slip and fall due to a slippery, unsafe, and dangerous condition existing on the designated employee walkway in the North White Plains Yard, inflicting serious injury to the Plaintiff, including but not limited to injuries to his right hip, right knee, right shoulder, and the right-side of his head due to the Defendant, METRO-NORTH, its agents, servants, and/or employees', failure to provide him with a safe place to work.

14. That the Plaintiff's injuries, which were incurred on or about the 26th day of April, 2024, were caused by activities within the scope of his employment by the Defendant, METRO-NORTH.

15. That upon information and belief, prior to the 26th day of April, 2024, employees of the Defendant, METRO-NORTH, had previously complained to the Defendant, its agents, servants, and/or employees, of the slippery and unsafe condition existing on or about the designated employee walkway in the North White Plains Yard, placing the Defendant, METRO-NORTH, its agents, servants, and/or employees, on notice.

3

16. That as a result of the negligence of the Defendant, METRO-NORTH, its agents, servants, and/or employees, with respect to the negligence and careless operation of its business and corresponding failure of the Defendant to properly provide Plaintiff, ERIC ROSEN, with a safe place to work pursuant to FELA, 45 USC §51, *et seq.* and the federal and state rules and regulations promulgated thereunder, was negligent in one or more of the following ways: (1) failing to properly provide Plaintiff, ERIC ROSEN, with a safe place to work; (2) failing to properly warn Plaintiff, ERIC ROSEN, of the possible and potential hazards to his health; (3) failing to inspect and maintain its property and equipment in a proper and safe manner; (4) failing to comply with the applicable state and federal statutes; (5) failing to properly train and supervise its agents, servants, and/or employees; (6) failing to act in a reasonably prudent manner under the facts and circumstances surrounding the incident; (7) failing to address prior complaints pertaining to dangerous and/or hazardous conditions; and (8) failing to properly operate the job and instead doing so in a general reckless, careless and negligent manner in which the Defendant carried on its business resulting in the Plaintiff being caused to suffer serious and permanent injuries while employed by the Defendant on or about the 26th day of April, 2024.

17. That as a result of the Defendant, METRO-NORTH's, negligence, as aforesaid, without any negligence on the part of the Plaintiff, ERIC ROSEN, contributing thereto, the Plaintiff was caused to suffer severe, permanent, personal, and painful physical injuries, impairment of activities, has been and will be caused to lose time from his railroad employment and impair his future earning capacity, and will incur expenses and suffer additional damages.

18. In an effort to treat, heal, and relieve his injuries, Plaintiff has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

19. The Plaintiff, ERIC ROSEN, demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, ERIC ROSEN, demands a money judgment against the Defendant, METRO-NORTH COMMUTER RAILROAD COMPANY, for his cause of action, in an amount to be determined by the trier of facts together with attorney's fees, interest, costs and disbursement of this action, together with any and all further relief as this Court deems just and proper.

DATED:    July 9, 2025
          Williamsville, New York

By: _____
Christina M. Gullo, Esq.
The Kantor Gullo Law Firm, PLLC
*Attorneys for the Plaintiff*
348 Harris Hill Road – Ste A
Williamsville, New York 14221
(716) 626-0404
(716) 626-0412 (Facsimile)

To:    METRO-NORTH COMMUTER RAILROAD COMPANY
       420 Lexington Avenue, 11th Floor
       New York, New York 10017